IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY COLLETT, | ) | CASE NO. 5:08 CV 2929 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Kelly Collett, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Collett had severe impairments consisting of diabetes, status post cerebral vascular accident, and transient ischemic attack with residual balance problems, headaches, hypertension, sleep apnea, loss of vision but without diabetic retinopathy, depression, cognitive disorder, and obesity.[1] The ALJ made the following residual functional capacity finding:

---

[1] Transcript ("Tr.") at 18.

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) that does not require the climbing of ladders, ropes or scaffolds or working at unprotected heights or around dangerous moving machinery; or more than occasional balancing, stooping, kneeling, crouching, crawling or climbing of ramps and stairs.  I further find that the claimant has the mental residual functional capacity to understand, remember and carryout [sic] unskilled, simple, routine and repetitive tasks in a work setting with regular expectations and few changes.  Additionally, when considered in conjunction with her other impairments, the claimant's obesity does not prevent her from performing substantial gainful activity as this residual functional capacity.[2]

The ALJ determined that the above-quoted residual functional capacity precluded Collett from performing her past relevant work.[3]

Based on a hypothetical question posed to the vocational expert at the hearing incorporating the above-quoted residual functional capacity, the ALJ decided that a significant number of jobs existed locally and nationally that Collett could perform.[4]  She, therefore, found Collett not under a disability.[5]

Collett asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, she complains that the ALJ did not give sufficient weight to the opinion of her treating physician and that the residual functional capacity finding should have included additional limitations.

---

[2] *Id.* at 19-20.

[3] *Id.* at 28.

[4] *Id.* at 28-29.

[5] *Id.* at 29.

The Court concludes that substantial evidence does not support the ALJ's residual functional capacity finding to the extent that it limits Collett to occasional stooping and that substantial evidence does not support the ALJ's decision giving little or no weight to the opinion of Collett's treating physician, Laura Barr, M.D., that Collett's ability to stoop was markedly limited and that she could never stoop.  Further, given the vocational expert's testimony that no jobs would exist that Collett could do if she was markedly limited in stooping, substantial evidence does not support the step five finding.  The case must be remanded for reconsideration of these findings.

**Analysis**

As conceded by counsel for Collett at the oral argument in this case, the exertional limitations in the residual functional capacity finding are not at issue.[6]  Based on extensive discussion with counsel at the oral argument, what is at issue is the ALJ's limitation on Collett's ability to stoop or bend to "occasional."[7]

Appendix C to the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* defines stooping as "[b]ending body downward and forward by bending spine at the waist, requiring full use of lower extremities and back muscles." For each occupation defined in the *Dictionary of Occupational Titles*, the *Selected Characteristics* contain a rating for the stooping component.  There is no dispute that, in

---

[6] ECF # 24 at 3.

[7] *Id.* at 15-16.

terms of the medical records relevant here, the terms "stooping" and "bending" are synonymous.[8]

This is critical because a vocational expert testified that if Collett is markedly limited in her ability to reach and bend (stoop), she is not capable of sedentary work.[9]

Substantial support for a limitation to stooping less than occasional comes from multiple residual functional capacity evaluations in the record from Collett's treating physician, Dr. Barr.[10]

The ALJ criticizes Dr. Barr's evaluations as inconsistent and contrary to other medical evidence in the record.[11] She cites examples of such inconsistencies, but none goes to the limitations on stooping.[12]

The ALJ does not specifically assign a weight to Dr. Barr's opinion, which technically violates the Sixth Circuit's teaching on the proper application of the regulations regarding weight to be afforded to treating sources.[13] In reality, however, the ALJ did give Dr. Barr's

---

[8] *Id.* at 11.

[9] Tr. at 997.

[10] *Id.* at 469, 581, 631, 808, and 937. *See also*, ECF # 24 at 4, 7, 10-11.

[11] Tr. at 24.

[12] *Id.*

[13] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

opinions some substantial weight because she found Collett capable of only sedentary work with additional limitations.[14]

I must conclude that, in the absence of greater articulation with respect to the stooping limitation, substantial evidence does not support the ALJ's finding that Collett could stoop occasionally.

This becomes important given the vocational expert's testimony about jobs existing that Collett could perform. The vocational expert testified that, with marked limitation in the ability to bend and reach, Collett would be precluded from sedentary employment.[15] It is not clear from this testimony whether a marked limitation in both reaching and bending, or in either, would preclude such employment. As discussed during the oral argument, it is also unclear whether there is any difference in degree of limitation if one bends from a standing position or from a sitting position.[16] Although the vocational expert could have provided a record for clarification on these points by giving occupational title numbers for the jobs that he identified in his testimony, which would have permitted me to evaluate the stooping requirements of each of the jobs using the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, he did not give those numbers. The specific jobs identified in his testimony cannot be found in the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* without them.

---

[14] Tr. at 19, 23-24.

[15] *Id.* at 997.

[16] ECF # 24 at 7-10.

Substantial evidence, therefore, does not support a finding at step five that a significant number of jobs existed locally and nationally that Collett could perform.

As I observed at the oral argument, for the most part the ALJ here provided a fairly detailed discussion of the medical evidence and the opinions of the various physicians.[17] But, with respect to the limitation imposed on stooping, the ALJ painted with too broad a brush.[18] Given the ambiguities noted above in the vocational expert's testimony, this case must be remanded for reconsideration of Collett's residual functional capacity with respect to stooping and for reconsideration of the question of existing jobs at step five in light of the reconsidered residual functional capacity finding. For the benefit of the parties and the reviewing court, the vocational expert should give the specific occupational title numbers for the jobs identified, if any, and discuss the requirements for each job regarding stooping as reflected in the *Selected Characteristics*, as appropriate.[19]

## Conclusion

Based upon the foregoing, the decision of the Commissioner denying Collett's applications for disability insurance benefits and supplemental security income is reversed and the case remanded for reconsideration of Collett's residual functional capacity as to her

---

[17] *Id.* at 5-6.

[18] *Id.* at 16.

[19] On remand, the parties should be mindful that the Sixth Circuit has recently expressed reservations about the continuing validity of the *Dictionary of Occupational Titles* listing in certain contexts. *Cunningham v. Astrue*, Case No. 08-3848, 2010 WL 22286, at *9-10 (6th Cir. Jan. 5, 2010).

limitation on stooping, with proper consideration of the medical source opinions of Dr. Barr, and for reconsideration of the step five finding in light of the reconsidered residual functional capacity finding.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[20] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.


Dated: March 31, 2010                     s/ William H. Baughman, Jr.
                                          United States Magistrate Judge

---

[20] 28 U.S.C. § 2412(d)(1)(A).